UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOSEPH PULIZZANO,<br><br>    Petitioner,<br><br>    v.<br><br>DANIEL E. CUEVA,<br><br>    Respondent. | No. 2:21-cv-0503 WBS CKD P<br><br>ORDER |

    Petitioner is a California prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He is serving a sentence of 22 years imprisonment imposed upon several Tehama County convictions including attempted murder. ECF 5. Petitioner presents four grounds for relief.

    Respondent moves for dismissal arguing that petitioner failed to exhaust state court remedies as to ground 4 and part of ground 2. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971).

    After reviewing all relevant parts of the record, the court finds that petitioner has not exhausted state court remedies with respect to ground 4 and the portion of ground 2 in which

1

petitioner alleges that his appointed trial counsel charged petitioner $30,000.  Therefore, the petition before the court is "mixed" containing both exhausted and unexhausted claims.  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).

While petitioner cannot proceed on the petition before this court, the court will not recommend dismissal of the petition without determining whether petitioner intends to seek a stay under Rhines v Weber, 544 U.S. 269 (2005).  At this point, petitioner has 4 options:

1. Voluntarily dismiss this action.

2. File a request to stay this action pending exhaustion of state court remedies with respect to the unexhausted claims pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  Petitioner is informed that to be entitled to a stay under Rhines, he must show good cause for his failure to exhaust earlier, and that the unexhausted claims are potentially meritorious.

3. Proceed on an amended petition which includes only petitioner's fully exhausted claims.

4. File an amended petition which includes only petitioner's fully exhausted federal claims along with a request that the amended petition be stayed pursuant Kelly v. Small, 315 F.3d. 1063 (9th Cir. 2003).  Under the Kelly stay procedure, "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition."  King v. Ryan, 564 F.3d 1133, 1134 (9th Cir. 2009).

Petitioner is cautioned that if he chooses to proceed now on an amended petition raising only exhausted claims, he will risk forfeiting consideration of the unexhausted claims in this or any other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one-

year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. 28 U.S.C. § 2244(d). Also, Title 28 U.S.C. § 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 8) is denied without prejudice and respondent need take no further action until receiving further instruction from the court.

2. Plaintiff is granted 30 days to inform the court how he wishes to proceed. Plaintiff's options are as follows:

  A. Voluntarily dismiss this action.

  B. File a request to stay this action pending exhaustion of state court remedies with respect to the unexhausted claims identified in his petition for writ of habeas corpus pursuant to Rhines v. Weber, 544 U.S. 269 (2005).

  C. Proceed on an amended petition which includes only petitioner's fully exhausted federal claims.

  D. File an amended petition which includes only petitioner's fully exhausted federal claims along with a request that the amended petition be stayed pursuant to Kelly v. Small, 315 F.3d. 1063 (9th Cir. 2003).

3. If petitioner fails to choose one of the options described above within 30 days, the court will recommend that petitioner's mixed habeas petition be dismissed without prejudice.

Dated: January 13, 2022

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

1/puli0503.fteh