UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOSEPH PULIZZANO,<br><br>Petitioner,<br><br>v.<br><br>JENNIFER BENAVIDEZ,[1]<br><br>Respondent. | No.  2:21-cv-0503 WBS CKD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner stands convicted of several offenses committed in Tehama County including attempted murder.  He is serving a sentence of 22 years imprisonment.

Petitioner presents three claims for relief in his February 10, 2022, amended petition:  1) the trial court should have instructed jurors that instead of finding petitioner guilty of attempted murder as charged in count 2, the jury could have found petitioner guilty of the lesser included offense of attempted voluntary manslaughter; 2) the trial court was biased; and 3) ineffective assistance of trial counsel.

//////

---

[1] Ms. Benavidez is the warden at petitioner's current place of incarceration.  Accordingly, she is substituted in as the respondent in the action.  See Rule 2, Rules Governing Section 2254 Cases.

1

Respondent has filed a motion to dismiss for failure to exhaust state court remedies. The exhaustion of state court remedies is a prerequisite to the granting of habeas corpus claim. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider a claim before presenting it to federal court. Picard v. Connor, 404 U.S. 270, 276 (1971).

In claim 2, petitioner asserts that his trial judge was biased against him as evidenced by the fact that the judge ordered that some of petitioner's sentences be served consecutively as opposed to concurrently. While petitioner presented a claim for judicial bias in a petition for writ of habeas corpus filed in the California Supreme Court, ECF No. 10-6, the claim does not include the assertion that petitioner's sentence demonstrates judicial bias. This being the case, the claim presented before the California Supreme Court is not the same as the claim presented here, rendering the claim presented here unexhausted. As it stands, petitioner cannot obtain relief as to claim 2.

In any case, under 28 U.S.C. § 2254(b)(2) a claim may be denied on the merits without exhaustion of state court remedies "when it is perfectly clear that the applicant does not raise even a colorable federal claim," Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir.2005), which is the case with respect to claim 2.

The Due Process Clause of the Fourteenth Amendment "requires a 'fair trial in a fair tribunal' before a judge with no actual bias against the defendant or interest in the outcome of his particular case." Bracy v. Gramley, 520 U.S. 899, 904–05 (1997) (quoting Withrow v. Larkin, 421 U.S. 35, 46 (1975)). "The Constitution requires recusal where 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'" Hurles v. Ryan, 752 F.3d 768, 788 (9th Cir. 2014) (quoting Withrow, 421 U.S. at 47). Rulings themselves almost never constitute a valid basis for a finding of actual bias unless "they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994).

Petitioner asserts that the trial judge, Judge Skillman, was biased against him because they both lived in Manton, California, a town with a population of around 700 people and where the

incident forming the basis of petitioner's convictions took place.  Also, petitioner asserts "[f]or at least 10 plus years, from 2005 and on [trial] Judge Skillman has tried to be part of the Manton community, (to be in the inner-circle).  His only accomplishment in that endeavor has been failure."  Finally, petitioner asserts that his sentence and the trial court's decision not to instruct jurors as to attempted voluntary manslaughter with respect to count 2 somehow reveal bias.

The court accepts that the trial court was familiar with petitioner outside of court before trial, but familiarity alone in the manner described by petitioner does amount to even an appearance of bias.  See Liteky v. U.S., 510 U.S. 550-51 (1994) (judge who presided over earlier trial of same defendant "is not thereby recusable for bias or prejudice," even though earlier trial may have left judge "exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person").  As for the rulings identified by petitioner, nothing in the record even remotely suggests they are reflective of "deep-seated favoritism or antagonism."

For these reasons, the court will recommend that claim 2 in petitioner's amended petition for writ of habeas corpus be denied and that respondent's motion to dismiss be denied as moot.[2]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Claim 2 in petitioner's amended petition for writ of habeas corpus be denied;

2. Respondent's motion to dismiss (ECF No. 26) be denied as moot; and

3. Respondent be directed to file an answer with respect to claims 1 and 3 appearing in petitioner's amended petition for writ of habeas corpus.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The

/////

---

[2] In light of the foregoing, the court need not reach respondent's statute of limitations argument as to claim 2 asserted in respondent's motion to dismiss.

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 28, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
puli0503.mtd